# S. H. SHOEMAKER v. J. S. ROBERTS AND SARAH ROBERTS, Appellants.

**Newspaper Subscription:** IMPLIED CONTRACT: *Evidence.* Cause of
action is not stated by complaint for subscription price of a
newspaper, alleging that plaintiff became owner of the subscrip-
tion list which contained the name of defendant, and that the
paper was mailed to him at A; it not being alleged that A was his
place of residence or that he accepted or received the paper, or
that it was sent to the address appearing on the list, or that his
name was on the list by his authority.

**SAME.** To establish an implied contract on the part of a person to
whom a newspaper was regularly addressed and mailed, it must
affirmatively appear that he received it, or that such a state of
facts exists as will raise a presumption that it was received by
him, and no such presumption arises in the absence of proof that
the address to which the paper was sent was his proper address.

**Plea and Proof:** RESIDENCE. Even if the fact that the original
notice in an action was served on defendant at a certain town
could be used in aid of the petition, it affords no evidence that
defendant's residence was at such town; the statute with refer-
ence to service of notice recognizing no smaller governmental
sub-divisions than counties. (Sections 2602, 2604, Code of 1873,

*Appeal from Hardin District Court.*—Hon. D. R. HIND-
MAN, Judge.

SATURDAY, OCTOBER 30, 1897.

ACTION at law to recover the subscription price of
a certain newspaper alleged to have been sent to J. S.
Roberts. The trial court overruled a demurrer to the
plaintiff's petition, and defendants appeal.—*Reversed.*

*J. S. Roberts, J. H. Scales,* and *W. F. Beck* for
appellants.

No appearance for appellee.

DEEMER, J.—The case involves less than one hun-
dred dollars, and comes to us on the following certificate
from the trial judge: "I, D. R. Hindman, presiding
judge in the above entitled cause, do hereby cer-
tify that said cause involves the determination
of the following questions of law, upon which it
is desirable to have the opinion of the supreme court:
(1) Does the fact that the plaintiff, who became the
owner of the Hampton *Chronicle,* a weekly family news-
paper, published at Hampton, Iowa, who was also the
owner of the subscription list of said paper, among
which was the name of the defendant J. S. Roberts, and
mailed regularly each week a copy of said paper, with
the postage paid, to him, at Ackley, Iowa, from the time
plaintiff became the owner, by purchase, of said news-
paper and subscription list, viz.: August 10, 1890, up to
September 6, 1894, create a liability on the part of said
J. S. Roberts to pay the subscription price of said paper
during the time it was so mailed to him, from said
August 10, 1890, to September 6, 1894? (2) Where the
plaintiff alleges that he is the owner, by purchase, in

the year 1890, of the Hampton *Chronicle*, a weekly family newspaper, with the subscription list of regular subscribers, among which is the name of defendant, and, as such owner, mailed a copy of said paper each week, with the postage paid, at Hampton, Iowa, addressed to J. S. Roberts, defendant in the action, at Ackley, Iowa, which allegations are admitted by demurrer filed by defendant, do such allegations, including the fact that service of the original notice in the case was made on defendant at Ackley, Iowa, show a liability on the part of the defendant Roberts for subscription to said newspaper?" While the certificate is somewhat involved, we take it that the real inquiry is whether or not the defendant J. S. Roberts is liable, in the absence of an allegation that Ackley was his place of residence, or that he received the paper and had the benefit thereof.

That one who receives a newspaper without objection, and has the benefit thereof, is liable upon an implied contract to pay for the same, is conceded. But, to establish such liability, it must be shown affirmatively that defendant received the paper, or such a state of facts must be recited as that the presumption arises that it was received by the person to whom it was addressed. No such presumption arises in the absence of proof that the address to which the paper is sent is the address of him from whom recovery is sought. Liability in such case is based upon the doctrine that when one accepts and receives the beneficial results of another's labor or services, which he has no reason to suppose were gratuitous, and which he could or not accept at his option, the law will imply a previous request and a promise to pay. Without proof of the acceptance of benefits, no such implication will obtain. In the case at bar there is no allegation that Ackley was the defendant's place of residence, no statement that he accepted or received the paper, no claim that the

paper was sent to the same address as appeared upon the subscription list, and no showing that his name was upon the list by his authority. The fact that the original notice was served upon the defendant at Ackley is of no moment. If such fact could be considered in aid of the pleading, it affords no evidence that Ackley was defendant's place of residence. The statutes with reference to service of notice recognize no smaller governmental subdivisions than counties. Code 1873, sections 2602, 2604. The questions presented should each be answered in the negative. The judgment is therefore REVERSED.