### No. 16,210.

### YAMIN *v.* LEVINE.
(206 P. [2d] 596)

Decided May 2, 1949. Rehearing denied May 23, 1949.

Mr. MORRIS RIFKIN, for plaintiff in error.

Messrs. KOBEY, MITCHELL & McCARTHY, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

A COMPLAINT, as recited therein, "on contract and promissory note." The question: Considering the escrow provisions, presently to be set forth, of a certain written contract of dissolution of partnership, and viewed in the light of pertinent subsequent developments, Is defendant (plaintiff in error) liable to plaintiff (defendant in error) on the promissory note mentioned in said contract? There was affirmative resolution below, and consistent judgment was entered against defendant.

It appears, that, March 27, 1947, when the dissolution contract was executed, the parties were operating a filling station in partnership; that they had a lease on the filling station property, expiring the following July, for which they were paying rental in the sum of fifteen dollars per month; that on the date of said contract, and preparatory to dissolving the partnership, the parties gave attention to their inventory and other material holdings, and agreed upon the value thereof, and that defendant should pay plaintiff a sum equal to one-half thereof. That feature of the contract is not in controversy. Relative to the good will of the business however, it was agreed that defendant should pay plaintiff three hundred dollars in any event, an item also not in question, and, if and when by the language of the contract pleaded and upon which plaintiff relies, such payment

became legally requirable, to pay an additional three hundred dollars. The note mentioned in the contract, and placed in escrow as therein stated, is the note upon which this action is based. The escrow agent, originally made a defendant, delivered the note into the registry of the district court, and was dismissed from the case. The provisions of the contract pertaining to the pending inquiry, read as follows:

"It is further agreed, by and between the parties hereto, that a note in the sum of three hundred dollars given by Oscar J. Yamin to Mollie K. Levine, dated March 27, 1947, which note is payable August 1, 1947, and is to be held by David Rosner, Attorney at Law, at 704 Symes Building, Denver, Colorado, as escrow agent, is subject to the following conditions:

"That if the said Oscar J. Yamin is unsuccessful in obtaining a renewal of the lease of the Conoco Service Station No. 36, located at 3411 West Colfax Avenue, Denver, Colorado, by August 1, 1947, then said note is to be returned to Oscar J. Yamin. On the other hand, if the said Oscar J. Yamin is successful in obtaining a lease as herein stated, then the said note is to be delivered to Mollie K. Levine and the said Oscar J. Yamin will pay said note in full by August 1, 1947."

The controlling language of the contract, as we think, is: If defendant is "unsuccessful in obtaining a renewal of the lease of the Conoco Service Station [the one involved] * * *, then said note is to be returned to" defendant by the escrow agent. On the other hand, if defendant is "successful in obtaining a lease as herein stated, then the said note is to be delivered to" plaintiff.

The unquestioned showing is that the lessor of the station premises involved would not renew the old lease or give a new one on like terms. On the contrary, the lessor would not give a lease for less than eighty-five dollars per month, or an advance of seventy dollars per month over the exactions under the lease to which reference is made in the contract. Defendant did not

feel justified in obligating himself to pay such rental, and declined to enter into a lease on the terms indicated. Did that which was offered defendant by the lessor—rejected by him—constitute a "renewal of the lease" within the meaning of the contract between the parties here, and make him liable to plaintiff on the note placed in the hands of the escrow agent? We cannot think so. "A general covenant to extend or renew implies an additional term equal to the first, and upon the same terms, including that of rent." 1 Taylor's Landlord and Tenant (9th ed.), p. 406, §332. See, also, *Kollock v. Scribner*, 98 Wis. 104, 72 N. W. 776; *Penilla v. Gerstenkorn*, 86 Cal. App. 668, 261 Pac. 488; 32 Am. Jur., p. 806, §958. The contract is free from ambiguity, and clearly means that the consideration for the note sought to be enforced, rested on a "renewal" of the existing lease; otherwise, there was no necessity for the escrow agreement or for deposit of the note in escrow. It is the duty of courts to interpret contracts as made by parties, not to make new ones for them. *Gertner v. Limon Nat. Bank*, 82 Colo. 13, 257 Pac. 247. If the contract clearly expresses the intentions of the parties, it must be construed as written and cannot be varied by parol evidence. *Thompson v. Sweet*, 91 Colo. 552, 17 P. (2d) 308.

The judgment is reversed, and the cause remanded with instructions to enter an order dismissing the action.

MR. JUSTICE JACKSON and MR. JUSTICE MOORE concur.