No. 17,733.

ALLEN C. STEPHENSON *v.* CAMEON WOLFE STEPHENSON.
(299 P. [2d] 1095)

Decided July 23, 1956.

Mr. FRED M. WINNER, Mr. WILLIAM G. BERGE, for plaintiff in error.

Mr. JOHN W. LOW, Mr. WILLIAM E. MEYERS, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE ALTER delivered the opinion of the Court.

CAMEON WOLFE STEPHENSON, plaintiff in the district court and defendant in error here, began this action against Allen C. Stephenson, defendant in the district court and plaintiff in error here, in which she sought an absolute decree of divorce, alimony, temporary and permanent, division of property, attorney fees and costs. We refer to the parties as they appeared in the trial court.

The record discloses that the matter was heard as a non-contested divorce action before Hon. Edward C. Day, who, on July 28, 1952, granted plaintiff an interlocutory decree, and thereafter on January 29, 1953, a final decree of divorce. On August 28, 1953, Hon. Edward C. Day entered an order setting September 23, 1953, for a pre-trial conference, and September 30, 1953, as a date for a hearing on "Property Settlement." However, no hearings were had pursuant to this order. On April 13, 1954, a hearing on "Property Settlement" was held

before Hon. Joseph E. Cook. Testimony was taken and the so-called depositions of Sally Fern Sykes, Allen C. Stephenson and Jack Wolfe were presented. On March 16, 1955, Judge Cook entered the following order:

"At this day by agreement, the Court will determine Property Settlement on basis of transcript, to be submitted, of hearing on April 13, 1954, and on depositions."

A transcript of this testimony, together with the depositions mentioned, was the only evidence submitted to Hon. Harold E. Lutz, to whom the matter had been assigned, and upon which he based his order and judgment on the question of division of property.

On April 27, 1955, Judge Lutz, "having read the evidence given by the parties hereto by way of Reporter's Transcript of their testimony and the testimony of other witnesses, made on the 13th of April, A.D. 1954, and having examined the exhibits introduced on said date" entered his order, judgment and decree on the property division question, to review which the defendant is here on writ of error.

The question of whether a trial court has jurisdiction to decree a division of property after final decree in a divorce action, where no such orders are made or reserved in such final decree, is not raised by the parties in this proceeding, and we make no determination thereof.

██ The trial court having reached its conclusions and entered its order and judgment on documentary evidence alone, this court is as well qualified to determine the equities involved in this divorce action concerning a division of the property of the parties as was the trial court. Under such circumstances, presumptions in favor of the correctness of the order and judgment are not conclusive. *Conklin v. Shaw,* 67 Colo. 169, 185 Pac. 661; *Holbrook Irrigation District v. Fort Lyons Co.,* 84 Colo. 174, 269 Pac. 574; *Winters v. Pacheco,* 88 Colo. 105, 292 Pac. 1061. It is also settled law in this jurisdiction in divorce matters where a division of property is

sought that: "Division of property between husband and wife in a divorce action must be based on the situation of the parties at the time of the decree, rather than at the time of their marriage." *Syllabus, Shapiro v. Shapiro,* 115 Colo. 505, 176 P. (2d) 363.

The undisputed evidence discloses that plaintiff and defendant were married on June 6, 1944, and separated on or about June 15, 1951. Since the final divorce decree plaintiff has remarried a third time. The parties owned a residence in joint tenancy in Denver free and clear of all liens and encumbrances, appraised at $17,000.00, but in which the parties did not reside, except for a period of a few months. They also owned a 1950 Buick automobile. At some period during the married life of the parties, defendant owned a mountain cabin of the value of $300.00, which he deeded to his widowed mother some two or three years prior to 1951. There is no evidence in the record of any money belonging to defendant on deposit in any bank or in his possession.

Defendant's widowed mother inherited property from her deceased husband and her mother more than twenty-five years prior to 1955. The mother is regularly employed, and her son is her only heir at law. He is a semi-invalid, unable to engage in gainful employment, and resides with his mother in her home in Denver.

Further, the undisputed evidence is that the mother, out of her inheritances and earnings, has purchased stocks and other securities of the value of about $25,-000.00, title to which was taken in the names of herself and her son in order to "simplify things" in case of her death. The mother also has a bank account which is in both their names for the same reason. The undisputed evidence is that the son has never contributed any money whatever toward the purchase of the stocks and securities held jointly with his mother and has never deposited any money in the joint bank account; neither has he used the same as his personal funds. Further, the evidence shows that the parties to this

action made a joint income tax return on which defendant took credit for one half of the dividends and other income from the jointly held stock and securities, although such income was the property of his mother and not actually received by him; that this method was used for the purpose of reducing the income tax payments. Plaintiff admits that during the course of her married life defendant had frequently told her that the stocks and other securities belonged to his widowed mother.

In the final order, judgment and decree entered by Hon. Harold E. Lutz on April 27, 1955, we find:

"AND THE COURT FURTHER FINDS That the parties hereto are the owners of a 1950 Buick automobile, incidental items of household furniture, linens and supplies; and that the Defendant herein is a half owner of certain shares of stock in various corporations with his mother, and that the value of said shares stands in the reasonable sum of $25,000; and that the Defendant was the owner of a certain mountain cabin property in the reasonable sum of $300.

"THE COURT FURTHER FINDS, That a reasonable sale and equitable division of the above property should be as follows:

"THAT The Defendant be granted all his interest, free and clear from any interest of the Plaintiff, in and to the 1950 Buick automobile and all of the corporate stocks held by said Defendant in joint tenancy with his mother and the mountain cabin formerly belonging to Defendant and now in the name of the mother of said Defendant; that the Plaintiff should be granted sole and complete ownership of the home of the parties hereto located at 2545 South Jackson Street as her sole property free from any interest or ownership therein on the part of the Defendant."

The court further ordered, adjudged and decreed:

"IT IS FURTHER ORDERED, counsel for the plaintiff herein having heretofore filed notice of attorney's

lien on the assets of the parties hereto as and for attorney's fees for services rendered to the Plaintiff in this action in the sum of $1,250, it is hereby ordered, and the Court doth hereby determine, that said sum is a reasonable fee for services rendered by Winston Howard and John W. Lowe, Attorneys at law on behalf of the Plaintiff in this action, hereby orders that the Defendant shall pay to said attorneys the sum of $500 in part payment of said attorney's fees, and that the Plaintiff shall assume the obligation for the payment of the remainder of said sum to-wit $750."

As we study and understand the record, the evidence does not support the finding of the trial court that defendant was the owner of half of the $25,000.00 of stocks and securities purchased and acquired solely by defendant's widowed mother out of her inheritances and earnings, and in this respect we think the court was in error; error was also committed in awarding defendant title to the mountain cabin of the value of $300.00, which, according to the undisputed evidence had belonged to his widowed mother for more than eight years prior to the order and judgment herein. The record considered, the order and determination of the trial court completely impoverishes defendant, who, according to the undisputed evidence, is physically incapable of engaging in gainful employment.

The record discloses that the reporter's transcript, consisting of forty-two pages, was taken on the morning of April 13, 1954, and that the attorneys were present that afternoon at 2 o'clock P.M., when the so-called depositions of three witnesses were taken. The interlocutory decree of divorce was entered without a contest, and, except for appearance of counsel in that matter, the time consumed on April 13, 1954, seems to be the limit of counsel's presence in court. Considering the financial condition of the parties, it appears that a counsel fee of $1250.00, fixed without evidence as to its reasonableness, is disproportionate to the value of the serv-

ices rendered. Under the circumstances of this case, we think such fees should be substantially reduced.

It is unfortunate that three district judges should be called upon to determine an action of this kind piecemeal, resulting in an unconscionable order and judgment.

The order and judgment is reversed and the cause remanded to the trial court with instructions to set aside the order and judgment of April 27, 1955, and for further proceedings in accordance with the views herein expressed.