No. 20376.

ALEXANDER DAWSON, INC., *v.* ROY R. FLING, SR., ET AL.
(396 P.2d 599)

Decided November 9, 1964. November 30, 1964, Opinion Modified and as Modified, Rehearing denied.

Mr. RICHARD C. HOPKINS, Messrs. REYNOLDS and CONNELL, for plaintiff in error.

Mr. WYNN M. BENNETT, JR., Mr. GRANT E. McGEE, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

ALEXANDER DAWSON, INC. (the corporation) sued the Flings for an adjudication of their rights to certain real estate in proceedings under Rule 105, R.C.P. Colo. In their answer, the Flings admitted that they claimed some right, title and interest in the real estate. They also counterclaimed in four counts.

In essence, the counterclaims sought relief in two respects: (1) relief under Rule 105, R.C.P. Colo., as to described real estate which is contiguous to that described in the corporation's complaint; (2) an adjudication of their rights to the use of Audubon Lake, located on the corporation's realty, for boating, swimming, fishing and other purposes in accordance with a deed assertedly granting such rights. These counterclaims were put in issue by a general denial.

Pursuant to a pre-trial stipulation, a decree quieting title to their respective real properties was entered. On the question of the uses to which Audubon Lake could be put, the trial court decreed that the Flings, "their heirs, successors and assigns, are the owners of and entitled to the possession of the sole and exclusive use for any purpose, and without limitation, of Audubon Lake," together with certain incidental rights; and "that the sole and exclusive use hereby quieted in said defendants is an unusual easement, amounting almost to a fee simple."

Although not specifically sought, the trial court nonetheless decreed that the Flings, their heirs, successors and assigns had "the right to fish Beaver Creek as the same now exists through the SE¼ of the SW¼ of" Section 23, Township 2 North, Range 73 West.

Disapprobation of that part of the decree relating to the rights of the Flings in Audubon Lake and their right "to fish Beaver Creek" has caused the corporation to

seek redress in this Court by writ of error. It urges that the trial court wrongly resorted to the doctrine of permissible construction of an ambiguous instrument, when, in fact, it was unambiguous and subject only to the meaning its words literally express.

That part of the document which the trial court sought to interpret and clarify on the theory of ambiguity appears in several other deeds, as successive transfers in the chain of title eventuated in the Flings, and is as follows:

"All that part of the Southeast Quarter (SE¼) of the Southwest Quarter (SW¼) of Section twenty-three (23), Township two (2) North, Range seventy-three (73) West, situate, lying and being North of the North bank of Beaver Creek as the same now exists on, over and across said land, together with all improvements thereon, and together with the sole and exclusive use of Audubon Lake, *also* known as Snow Drift Lake Reservoir No. 3, situate to the South of said above described premises and being in part on the southeast Quarter (SE¼) of the Southwest Quarter (SW¼) of said Section twenty-three (23) and in part on the Northeast Quarter (NE¼) of the Northwest Quarter (NW¼) of Section twenty-six (26), said Township and Range as *aforesaid,* for boating and swimming purposes, for the use of said grantees by themselves, their heirs and assigns, their servants, agents, friends, guests, and whomever they may select; together with such portion of the banks of said Lake as may be reasonably necessary for the construction and erection of such buildings and improvements as may be necessary for said purposes, and the right to traverse and use the banks of said Lake for any purpose incident and necessary to the proper exercise of said use herein granted as aforesaid, and to pass and re-pass, on foot, by vehicle or otherwise, over the lands and premises lying between said Lake and the land above described, and between said Lake and the

public road." (Emphasis supplied—matter between emphasized words is descriptive, as hereinafter appears.)

From the record and exhibits it appears that the Flings' land lies north, and the corporation's land south, of Beaver Creek. In the several transfers, including the one to the Flings, the land is described as that "situate, lying and being North of the North bank of Beaver Creek as the same now exists on, over and across said land. . . ."

■ An owner who grants to another the right to swim and boat on water located on his lands invests the latter with easements for such uses. *Mountain Springs Ass'n v. Wilson*, 81 N.J. Super. 564, 196 A. (2d) 270. To provide for such uses of the land as are incidental to the exercise of these rights (such as access over the land to the water, use of its shores, etc.) does not enlarge or change the character of the grant. Such provision merely sets forth the means by which swimming and boating may be achieved and enjoyed. See *Mullins v. Metropolitan St. R. Co.*, 126 Mo. App. 507, 104 S.W. 890.

■ An owner who grants to another the right to fish in waters located on his lands conveys a *profit a prendre*. *State v. Mallory*, 73 Ark. 236, 83 S.W. 955, 67 L.R.A. 773, 3 Ann. Cas. 852; *Hanson v. Fergus Falls Nat'l Bank & T. Co.*, 242 Minn. 498, 65 N.W. (2d) 857, 49 A.L.R. (2d) 1379; *Mitchell v. D'Olier*, 68 N.J.L. 375, 53 Atl. 467, 59 L.R.A. 949; *Fitzgerald v. Firbank*, (1897), 2 Ch. Div. 96.

■■ A *profit a pendre* is defined as the right to take a part of the soil or produce of the land of another, "such as the right to take timber or coal, or to fish in the water of another." *Richfield Oil Co. v. Hercules Gasoline Co.*, 112 Cal. App. 431, 297 Pac. 73; 28 C.J.S. 631, § 3 (f). *Profits a prendre* involve a greater interest than easements; "rights which are said to be *prendre* are distinguished again into rights coupled with profits, which are called *profits a prendre*, or rights without any profits, which are called easements." *Bingham v. Salene*, 15 Ore. 208, 14 Pac. 523, 3 Am.S.R. 152. To like effect are *Rich-*

*field Oil Co. v. Hercules Gasoline* Co., supra; *Bosworth v. Nelson,* 170 Ga. 279, 152 S.E. 575.

■ Grammatically and semantically all that was granted to the Flings were rights to boat and swim, and rights incidental to such uses of Audubon Lake. These were merely easement rights; and a construction of the deed which would grant them the right to fish in Audubon Lake would invest them with a greater right, a *profit a prendre,* a right to which they were not entitled. A right to *profits a prendre* must be expressly granted; the burden of an easement may not be increased by investing the holder of such easement with a *profit a prendre* either by implication or otherwise. *Bland Lake Fishing and Hunting Club v. Fischer,* Tex. Civ. App., 311 S.W. (2d) 710; *Bosworth v. Nelson,* supra.

As we view it, in granting certain described realty, "together with the sole and exclusive use of Audubon Lake, * * * for boating and swimming purposes, for the use of said grantees by themselves, their heirs and assigns," and so forth, "together with such portion of the banks of said Lake as may be reasonably necessary for the construction and erection of such buildings and improvements as may be necessary for said purposes . . . ," the deleted words represented by asterisks were merely descriptive, and a grammatically and semantically meaningful sentence is left. (See entire description above.) Such sentence limits the uses to which the Flings may put Audubon Lake to those of swimming and boating, and such incidental uses as make swimming and boating a matter of consummation and enjoyment. See *Miller v. Lutheran Conference & Camp Ass'n,* 331 Pa. 241, 200 Atl. 646.

■■ A decree adjudging the Flings to be "the owners of and entitled to the possession of the *sole and exclusive use for any purpose, and without limitation, of Audubon Lake,*" together with incidental rights thereto, is tantamount to a conveyance of the lake. It is an amplification of the deed by decree, something a court may not do under the guise of construing a contract. A court cannot re-

write a contract and thereby change its terms when it is plain, clear and unambiguous. *Yamin v. Levine,* 120 Colo. 35, 206 P.2d 596.

■ We hold that the trial court committed error in finding ambiguity in the documents, and in thereafter determining that the Flings had any rights in the use of Audubon Lake other than those of boating and swimming and rights incidental to such activities.

Did the Flings have a right to fish in Beaver Creek? The answer depends upon the construction to be given to the words granting certain land to the Flings "situate, lying and being North of the North bank of Beaver Creek . . ." Again, we deem the language employed to be devoid of ambiguity.

Clearly, the boundary of Flings' land was the "North bank of Beaver Creek," for it was only the land north of that bank which the Flings acquired. Language in *Hanlon v. Hobson,* 24 Colo. 284, 51 Pac. 433, 42 L.R.A. 502, indicates that a conveyance in the terms just quoted does not pass title to the thread of the stream.

Vesting the Flings with a right to fish in Beaver Creek was an act not warranted by the documents considered by the trial court. Their land ended at the north bank of Beaver Creek and their rights ended there too, except the right of passage thereover to reach Audubon Lake.

The judgment is reversed.

Mr. Justice Sutton and Mr. Justice Hall concur.