492 P.2d 85 (1971)
Clarence J. HELMERICKS, Jr., et al., Plaintiffs in Error,
v.
Joseph A. HOTTER and Alois F. Hotter, Defendants in Error.
No. 71-256, (Supreme Court No. 24422.)
Colorado Court of Appeals, Div. II.
November 23, 1971.
Rehearing Denied December 14, 1971.
*86 Winner, Berge, Martin & Clark, Denver, Parga, Dyer & Buck, Cortez, for plaintiffs in error.
Hamilton & Hamilton, Durango, for defendants in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was transferred from the Supreme Court pursuant to statute.
Clarence J. Helmericks, Jr., Reece Dunaway, and the Helmericks Corporation (hereinafter referred to as ("Optionees") brought this action against Joseph and Alois Hotter ("Optionors") to enforce the continuation of certain extension provisions relating to an option contract for the purchase of land. Trial was to the court.
The subject option extension contract was preceded by an agreement dated October 16, 1962. In the 1962 contract, the optionors agreed to sell optionees a certain tract of land, and also granted the optionees an option to purchase a second tract. The option to purchase the second tract was to be effective until October 16, 1967. A second contract was executed December 16, 1966, and it is this contract which is the subject of this appeal. In the second contract, the parties expressly agreed that the optionees were "given and granted to and until December 15, 1970 within which to exercise" the 1962 option as modified. In exchange for such extension of their option rights, the optionees agreed as follows:
"Second parties hereto do hereby expressly agree to pay to first parties the sum of One Thousand Dollars ($1,000.00) on or before December 15, 1967, and a further sum of One Thousand Dollars ($1,000.00) on or before December 15, 1968, and a further sum of One Thousand Dollars ($1,000.00) on or before December 15, 1969 as consideration for the extension of the option * * *."
The first payment was properly paid. The optionees failed to make the second payment by the due date of December 15, 1968, but tendered both the second and third payments within sixty days of that date. Both of these payments remain within the registry of the trial court. Because the second payment was not paid when due, the optionors declared the option agreement terminated.
After consideration of the agreements involved and the above events, the trial court entered judgment for optionors on the basis that optionees' failure to pay the second of three payments referred to in the option extension contract on the precise day when due constituted (1) a substantial breach of the agreement, thereby permitting rescission by the optionors, and *87 (2) a failure to meet a condition precedent to the optionors' obligation to extend the option beyond the first of the three yearly terms provided for in the extension.
Optionors contend that the legal effect of the second of the above-quoted provisions in the 1966 agreement was to provide for three separate one-year terms, each of which was to arise only upon the payment of the specified annual installment of $1,000. Optionees, on the other hand, argue that the extension was for a single term of three years, the consideration for which was an unconditional undertaking on their part to pay a total sum of $3,000, such sum to be paid in three equal installments on the specified dates. Under the optionees' theory, payment of an installment would not constitute a condition precedent to an annual continuance of the option's extended term.
The questions so raised are determinable by the construction of a specific written instrument complete in its terms. We, therefore, are not bound by the trial court's determination and may resolve the matter upon review. Stephenson v. Stephenson, 134 Colo. 96, 299 P.2d 1095. However, in construing the document, we are bound by the principles that we must enforce the contract as written and that we are not at liberty to rewrite the contract for the parties. Yamin v. Levine, 120 Colo. 35, 206 P.2d 596.
Under the express terms of the extension agreement, the optionees were unconditionally obligated to pay the optionors the total sum of $3,000. Considering the nature of that obligation, together with the explicit terms of the 1966 contract which extended the option for a three-year term without expressly conditioning the running of that term upon the optionees' tender of the annual payments on or before the date due, we hold that the trial court was in error in severing the option term into three separate annual periods. See Holiday Inns of America, Inc. v. Knight, 74 Cal.Rptr. 722, 450 P.2d 42. Under the terms of the contract, optionors were obligated to keep the property available for purchase by optionees until December 15, 1970. In the event that optionees failed to make any installment on its due date, a cause of action accrued under which they could recover that installment from optionees, but the optionees' rights under the option extension agreement were not forfeited.
Judgment is reversed, and this cause is remanded for proceedings not inconsistent with this opinion.
COYTE and DWYER, JJ., concur.