532 P.2d 981 (1974)
In re the Matter of the ESTATE of Alonzo NORRIS a/k/a Alonzo Norris, Sr.
Claim of Willie Mae CALHOUN, Claimant-Appellant,
v.
Opal NORRIS, Administratrix of the Estate of Alonzo Norris a/k/a Alonzo Norris, Sr., Defendant-Appellee.
No. 74-222.
Colorado Court of Appeals, Div. I.
December 24, 1974.
Rehearing Denied February 4, 1975.
Certiorari Denied March 31, 1975.
Almon & Barsotti, Edward B. Almon, Denver, for claimant-appellant.
F. E. Dickerson, John Dugan, Denver, for defendant-appellee.
Not Selected for Official Publication.
*982 COYTE, Judge.
Claimant appeals from the decision of the probate court denying her claim against defendant estate. We reverse.
Claimant was the sister of the deceased. While the deceased was in the hospital during his final illness, he signed and dated a blank check and inserted figures "3.300." after the word "For" on the lower left hand corner of the check. The decreased gave the incomplete check to a visiting friend, the only other person in the hospital room, with instructions to give the check to his sister. This visitor testified that the deceased told her to have the claimant complete the check in the amount indicated thereon. Subsequently, the check was filled in with claimant's name as payee, the numerals "$3,300.00" were written in the usual position for amount in the upper right hand corner of the check, and the words "Three-Thousand & Three hundred-dollars & 00/100" were written in the proper place on the check. Claimant then deposited the check, but it was dishonored because the maker died before it cleared the payor bank. A bank officer testified that the check appeared correct in all respects and that the bank would have honored the check except for the death of drawer.
Claimant then filed in probate court a $3,300 claim against the estate. The court ruled that claimant had the burden of establishing that the check was filled out in accordance with the desire of the maker, that she had failed to do so, and that the figures "3.300." did not mean $3,300. Thus, the court denied the claim.
The value of the check is determined by the applicable sections of the Uniform Commercial Code. Under C.R.S.1963, XXX-X-XXX, a negotiable instrument must be a writing signed by the maker containing an unconditional promise or order to pay a sum certain and no other promises. If an instrument is incomplete, the applicable law is stated in C.R.S.1963, XXX-X-XXX:
"(1) When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect, it cannot be enforced until completed, but when it is completed in accordance with authority given, it is effective as completed.
(2) If the completion is unauthorized, the rules as to material alteration apply (section 155-3-407), even though the paper was not delivered by the maker or drawer; but the burden of establishing that any completion is unauthorized is on the party so asserting."
The deceased signed a printed blank check containing the words necessary to show it was intended to become a negotiable instrument, i.e., "Pay to the order of ______." The check was completed with no material omissions and no ambiguities. Hence, by C.R.S.1963, 155-3-115(2), the burden of showing that the amount inserted in the proper blanks is not what the deceased intended and is beyond the amount he authorized is upon the estate, which presented no evidence of the maker's intent beyond that offered by the face of the check itself.
Since no evidence beyond the document itself was offered to show the meaning of the figures "3.300.", the trial court's resolution of this issue is not binding upon us. See Helmericks v. Hotter, 30 Colo. App. 242, 492 P.2d 85.
It is clear that there are four numerals in the handwriting of the deceased in the blank following the printed word "For" in the lower left hand corner of the check. Also to be noted, is that approximately $6,600 was in decedent's checking account at the time the check was written.
On this state of the record, we find no evidence sufficient to overcome the presumption established by C.R.S.1963, 155-3-115(2), and therefore hold that the check was completed as authorized.
While the check is valid, under C.R.S.1963, 155-4-405, the bank is not liable to the payee because dishonor is not wrongful where the drawer is deceased. *983 However, the dishonoring of the check allows a cause of action to accrue against the drawer under C.R.S.1963, 155-3-122(3). In regard to a holder of a check, the party objecting to the allowance of the claim based on the check has the burden of showing lack of consideration, C.R.S.1963, 155-3-307(2), and here there was no evidence presented to establish such defense.
Judgment is reversed and cause remanded with direction to allow the claim in the amount of $3,300.
RULAND and STERNBERG, JJ., concur.