554 P.2d 708 (1976)
HYLAND HILLS METROPOLITAN PARK AND RECREATIONAL DISTRICT, a Quasi-Municipal Corporation, Plaintiff-Appellee,
v.
McCOY ENTERPRISES, INC., a Colorado Corporation, Defendant,
The Central Bank and Trust Company, a Colorado Banking Corporation, Defendant-Appellant.
No. 75-585.
Colorado Court of Appeals, Div. II.
May 27, 1976.
As Modified on Denial of Rehearing June 17, 1976.
Certiorari Denied September 13, 1976.
*709 William Pehr, Westminster, for plaintiff-appellee.
Paul V. Rupp, Denver, for defendant-appellant.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
The plaintiff District sought recovery of $8000 from McCoy Enterprises, Inc., and The Central Bank and Trust Company for breach of contract. McCoy confessed judgment. The Bank appeals from judgment entered against it in the amount prayed for in the complaint. We reverse.
The facts are undisputed. The District granted a sewer easement to McCoy, in consideration for which McCoy agreed to build two tennis courts for the District on or before January 5, 1974, or, if it failed to do so, to pay the District $8000 to be used for that purpose. To secure payment of that sum, McCoy executed and delivered to the Bank its note in that amount and obtained from the Bank an Irrevocable Letter of Credit, addressed to the District, under which the Bank agreed to honor drafts of the District up to $8000, "covering construction of two (2) tennis courts ... on or before January 5, 1974." The letter of credit then provided:
"DOCUMENTS REQUIRED:
Your [the District's] signed statement that any drawing under this credit is in connection with construction of two (2) tennis courts on or before January 5, 1974 in Westminster, Colorado or your signed statement dated January 5, 1974 and presented on that date that your drawing is in connection with failure by McCoy Enterprises Inc., to construct two (2) tennis courts in Westminster, Colorado on or before January 5, 1974."
The letter, dated March 16, 1973, was delivered to and accepted by the District.
The above quoted terms were typed on a printed form. As part of the printed terms, the Bank agreed to honor drafts drawn in compliance with the terms of the credit "if drawn and presented for negotiation on or before ____." The letter of credit, as delivered to the District, contained no date in the blank space.
McCoy did not build the tennis courts. The District called the Bank in mid-January 1974 about the letter of credit and was informed that the letter had expired. On April 8, 1974, the District submitted to the bank its statement regarding McCoy's failure to build the courts and attempted to draft $8000 against the letter. The Bank refused to honor the letter, asserting it had expired on January 5, 1974. This suit followed.
"The issue here is `determinable by the construction of a specific written instrument complete in its terms. We, therefore, are not bound by the trial court's determination and may resolve the matter on review. Stephenson v. Stephenson, 134 Colo. 96, 299 P.2d 1095.' Helmericks v. Hotter, 30 Colo.App. 242, 492 P.2d 85. Further, in construing a document, courts must enforce the document as written, and are not at liberty to rewrite the contract for the parties. Yamin v. Levine, 120 Colo. 35, 206 P.2d 596, Helmericks v. Hotter, supra."
In its findings and conclusions the trial court, after quoting the language of the letter of credit, stated,
"A literal interpretation of this language would require Plaintiff to present its documents and draft on the same day on or before which McCoy was to construct the two tennis courts. Since at any time before the end of the fifth day of January, 1974, Defendant Bank could have said that McCoy had not yet failed to construct the tennis courts on or before January 5, 1974, and therefore deny payment of Plaintiff's draft, it is clear that Plaintiff was to have a reasonable time after January 5, 1974, to draft on the letter of credit."
This conclusion is not in conformity with the law applicable to letters of credit.
*710 The Uniform Commercial Code, § 4-5-103(1)(a), C.R.S.1973, provides:
"`Credit' or `letter of credit' means an engagement by a bank ... made at the request of a customer ... that the issuer will honor drafts or other demands for payment upon compliance with the conditions specified in the credit."
One of the uses of credits is to secure performance of a contract between a bank's customer and a third party. Two separate contracts are involved. The bank issuing the letter of credit is bound by its terms and has no obligation or right to investigate the performance of the other contract to which the credit relates. National City Bank v. Seattle National Bank, 121 Wash. 476, 209 P. 705. "The banker knows only the letter of credit, which is his only authority to act, and the documents which are presented under it. If these documents conform to the terms of the letter of credit he is bound to pay. If not he is equally bound not to pay." National City Bank, supra.
Here the District accepted the letter of credit as sufficient to secure McCoy's obligation to it, and if the District had presented the proper documents within the time specified, the Bank would have been obligated to pay. Had the District not been satisfied with the terms of the credit it could have required McCoy to furnish a letter of credit containing other terms.
Since the District was seeking payment under the letter of credit because of McCoy's failure to construct the tennis courts, it was required to present its "signed statement dated January 5, 1974, and presented on that date," setting forth that fact. Upon its failure to do so, the obligation of the Bank terminated. Payment by the Bank, if not in accordance with the terms of the credit, would have rendered the Bank liable to McCoy. See Liberty Nat'l Bank & Trust Co. v. Bank of America Nat'l Trust & Savings Ass'n., 218 F.2d 831 (10th Cir.).
The fact that the printed sentence in the letter of credit was incomplete does not alter the result here. By the typewritten terms it is clear that the expiration date was January 5, 1974. If printed and written, or typed, provisions of a contract cannot be reconciled, the written, or typed, provisions prevail. Nicklis v. Nakano, 118 Colo. 317, 195 P.2d 723.
The District's argument that the Bank was estopped from refusing to accept the District's April 8 draft by its denial of liability in mid-January is without merit since the District's rights and the Bank's obligation under the letter of credit had in fact terminated on January 5, 1974.
The judgment is reversed and the cause remanded with directions to dismiss the complaint as to the Bank.
SMITH and STERNBERG, JJ., concur.