**COLORADO ACCOUNTING MACHINES, INC., a Colorado Corporation, Plaintiff-Appellant,**

v.

**Marc Alan MERGENTHALER, and Microdata Corporation, a California Corporation qualified in Colorado, Defendants-Appellees.**

**No. 79CA0796.**

Colorado Court of Appeals, Division I.

March 27, 1980.

Lawrence Litvak, P. C., Lawrence Litvak, Denver, for plaintiff-appellant.

Kevin Haight, Thornton, for defendant-appellee Marc Alan Mergenthaler.

Holme, Roberts & Owen, Lawrence W. Treece, Thomas E. Downey, Jr., Denver, for defendant-appellee Microdata Corp.

COYTE, Judge.

Plaintiff, the previous employer of defendant Mergenthaler, appeals the judgment of the trial court granting summary judgment in favor of the defendants and dismissing plaintiff's claims based upon a restrictive covenant in the employment agreement between plaintiff and Mergenthaler. We affirm.

The employment agreement entered into between plaintiff and defendant Mergenthaler contained numerous provisions, including: a nondisclosure of trade secrets clause; a nondisclosure of customer list clause; and a time and space, noncompetition, restrictive covenant.

After defendant Mergenthaler left plaintiff's employ and commenced work for defendant Microdata Corporation, plaintiff brought this action claiming, *inter alia*, that Microdata is its competitor, that defendant Mergenthaler had breached the restrictive covenant, and that Microdata induced that breach. The trial court ruled that the restrictive covenant was void under § 8–2–113(2), C.R.S.1973, and dismissed these claims.

■ Plaintiff contends that because the employment agreement contains a trade-secret provision the unrelated restrictive covenant is valid under § 8–2–113(2)(b), C.R.S. 1973. We disagree. Section 8–2–113(2), C.R.S.1973, provides:

"Any covenant not to compete which restricts the right of any person to receive compensation for performance of skilled or unskilled labor for any employer shall be void, but this subsection (2) shall not apply to:

.  .  .  .  .

(b) Any contract for the protection of trade secrets."

Even if we assume, *arguendo*, that a narrowly drafted non-competition clause specifically protecting trade secrets would be a valid exception under subsection (b), here, the sole purpose behind the restrictive covenant is to prohibit all competition. The separate trade-secret nondisclosure provision adequately protects plaintiff's interests, and the restrictive covenant is not limited to enhancing this protection. Consequently, the trade secret provision is valid; the restrictive covenant is not.

Plaintiff urges that § 8–2–113(2), C.R.S. 1973, does not apply to employment under a multi-purpose contract by virtue of its containing one clause pertaining to trade secrets. However, to so rule would thwart the legislative intent of protecting employees from non-competition clauses except in carefully defined circumstances.

■ Plaintiff also contends that regardless of the covenant's invalidity, the trial court erred in dismissing the intentional inducement of breach of contract claim against defendant Microdata. We disagree. Plaintiff relies upon *Carmen v. Heber*, Colo.

App., 601 P.2d 646 (1979) in which this court held that intentional interference with a voidable contract is actionable. However, here, the restrictive covenant is void, not merely voidable, and there can be no liability for inducing its breach. *See Restatement (Second) of Torts* § 766, Comment f (1979).

Judgment affirmed.

SMITH and KELLY, JJ., concur.