NATIONAL GRAPHICS COMPANY, a
Colorado corporation,
Plaintiff-Appellant,

v.

Sharon DILLEY, Defendant-Appellee.

No. 83CA0523.

Colorado Court of Appeals,
Div. II.

April 12, 1984.

Sherman & Howard, Edward W. Nottingham, Mary J. Kelly, Denver, for plaintiff-appellant.

Holm & Christensen, Jon L. Holm, Steven A. Christensen, Denver, for defendant-appellee.

BABCOCK, Judge.

National Graphics Company appeals the order of the trial court dismissing its complaint against defendant, Sharon Dilley, for breach of fiduciary duty, unlawful interference with National's business, breach of covenant not to compete, punitive damages, and injunctive relief. We affirm.

National's claims against Dilley arise out of Dilley's alleged breach of an employment agreement which contained the following noncompetition clause:

"In the event the employment of employee by employer is terminated for any reason whatsoever, employee covenants and agrees that she will not in any manner whatsoever, directly or indirectly, solicit any accounts that were obtained (through the efforts of employee, employer, or any other person) during her employment with National Graphics Company."

Citing § 8–2–113, C.R.S., the trial court ruled the agreement to be void because it was silent as to both time and geographic limitation and thus unreasonable. Section 8–2–113(2) provides:

"(2) Any covenant not to compete which restricts the right of any person to receive compensation for performance of skilled or unskilled labor for any employ-

er shall be void, but this subsection (2) shall not apply to:

(a) Any contract for the purchase and sale of a business or the assets of a business;

(b) Any contract for the protection of trade secrets;

(c) Any contractual provision providing for recovery of the expense of educating and training an employee who has served an employer for a period of less than two years;

(d) Executive and management personnel and officers and employees who constitute professional staff to executive and management personnel."

National concedes that the agreement is silent as to duration and geographic scope. However, it contends that the clause is reasonable because it is limited in terms of customer accounts acquired by plaintiff during the term of Dilley's employment. National further asserts that § 8–2–113(2), C.R.S., does not require limitation in terms of duration and geographic scope, but, even if there is such a requirement, the trial court abused its discretion in failing to reform the agreement to supply the missing limitations.

Prior to the passage of § 8–2–113(2), C.R.S., governing such covenants, the rule was that, to be valid and enforceable, a covenant not to compete must be reasonable both in terms of duration and geographic scope. *Gibson v. Angros*, 30 Colo. App. 95, 491 P.2d 87 (1971). Review of the legislative history of § 8–2–113, C.R.S., reveals recognition of this rule of reasonableness, rather than an intent to abrogate it. *Hearings on H.B. 1215 before the Colorado House Judiciary Committee*, 49th General Assembly, First Session, March 15, 1973. A holding to the contrary would thwart the legislative intent of protecting employees from noncompetition clauses except in carefully defined circumstances. *See Colorado Accounting Machines, Inc. v. Mergenthaler*, 44 Colo.App. 155, 609 P.2d 1125 (1980).

We conclude that even if a noncompetition clause is not void under § 8–2–113, C.R.S., to be enforceable it must satisfy the rule of reasonableness as to both duration and geographic scope. Here, there being no such limitation, the noncompetition provision is void.

A trial court has discretion to reform an unreasonable territorial restriction set forth in a covenant not to compete in order to make the scope of the geographic area reasonable. *See Whittenberg v. Williams*, 110 Colo. 418, 135 P.2d 228 (1943). Here, however, we find no abuse of discretion in refusing to rewrite the parties' agreement by supplying the limitations of both duration and geographic scope. *See Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978); *Yamin v. Levine*, 120 Colo. 35, 206 P.2d 596 (1949).

All claims of the plaintiff arise out of the noncompetition provision of the employment agreement. Because that provision is void, the trial court did not err in dismissing the remaining claims arising therefrom.

Judgment affirmed.

BERMAN and KELLY, JJ., concur.