**In re the MARRIAGE OF Robert H. HALL, Appellant,**

**and**

**Wanda Louise Hall, Appellee.**

**No. 83CA0297.**

Colorado Court of Appeals, Div. II.

April 12, 1984.

McMichael, Wallace & Benedict, Mitchell Benedict III, Denver, for appellant.

Shade, Doyle, Klein, Otis, Shaha & Frey, Robert A. Klein, Greeley, for appellee.

BERMAN, Judge.

Robert H. Hall (husband) appeals from the trial court's denial of his motion to reform or to modify the maintenance and property settlement agreement with Wanda Louise Hall (wife). We affirm.

On November 22, 1974, the Yuma County District Court entered a decree of dissolution of the parties' marriage of 27 years. In that decree, the court found that the parties had not, as of that time, agreed as to maintenance and a division of property, and the court expressly retained jurisdiction over those matters.

On December 27, 1974, the parties entered into a maintenance and property settlement agreement. However, it was not until October 4, 1982, that the agreement was filed with the court, found not to be unconscionable, and adopted as an enforceable order of the court. The court described the reason for the delay as "mistake, neglect, or otherwise." The agreement provided, *inter alia*, that husband was to pay maintenance to wife as follows: $8,500 in 1974; and $1,000 on the first of each month, beginning June 1, 1975, until husband had paid a total of $202,900 to wife.

On October 18, 1982, the United States Tax Court determined that 61½% of the payments required to be made by husband under the settlement agreement for the tax years 1976 and 1977 were not deductible by husband as maintenance and were not taxable to wife. Thereafter, wife initiated contempt proceedings against husband, alleging non-payment of the $1,000 monthly amounts. Husband filed an answer to the contempt citation and a motion to reform or modify the maintenance and property settlement agreement.

On December 6, 1982, the court dismissed the petition for a citation for contempt, but entered judgments against the husband and in favor of wife totaling $4,000 for payments due wife for August through November 1982. On December 28, 1982, venue having been transferred to Morgan County, the Morgan County District Court entered an order denying husband's motion to reform the maintenance and property settlement agreement. This appeal followed.

The sole question we address on appeal is whether the trial court erred in refusing to modify the maintenance and property settlement agreement of December 27, 1974. Since we hold that the trial court did not so err, we need not address husband's argument that the trial court improperly applied the doctrine of laches against him in holding that he unreasonably delayed filing his motion to reform the settlement agreement.

Husband argues, first, that the parties understood and agreed that the payments in question were to be taxed as "maintenance" and that, therefore, the trial court erred by refusing to rewrite the agreement to reflect those intentions. However, where a contract is complete, clear in its terms, and free from ambiguity, it must be enforced "in accordance with the *expressed* intention of the parties." *Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978) (emphasis supplied). "Courts cannot rewrite a contract or add terms thereto." *Yamin v. Levine*, 120 Colo. 35, 206 P.2d 596 (1949); *In re Marriage of Stokes*, 43 Colo.App. 461, 608 P.2d 824 (1979).

Here, although the parties could have written a provision into their agreement concerning the tax consequences, no such provision was set forth. In addition, we agree with the trial court that:

"Assuming, *arguendo*, that the parties agreed that ... payments would be treated as maintenance taxable to respondent and deductible by petitioner, the Court could still find no agreement existed as

to what the payments would or should be in the event the taxing authorities made a different determination...."

Nor does husband challenge the power of the Internal Revenue Service to make such determination. *See Bardwell v. Commissioner*, 38 T.C. 84 (1962), *aff'd*, 318 F.2d 786 (10th Cir.1963).

■ Further, we agree, for two reasons, with the trial court's finding that Exhibit C, a letter dated October 3, 1974, from husband's then attorney to wife's then attorney outlining what appears to be a property settlement phrased in maintenance terminology for income tax purposes, is not adequate grounds for reforming the settlement agreement. First, as the trial court found, the letter:

"does *not* have terms identical to those of the December 27, 1974 Agreement: (a) The amount of the monthly payment is different; (b) Respondent's automobiles are treated differently; (c) The term over which the payments were to be made was different; (d) The treatment of the house indebtedness is different; and (e) Nothing is said in Exhibit C about what Petitioner is to be awarded."

Second, the settlement agreement provided that:

"This agreement contains the *entire understanding* of the parties, and there are no representations or warranties, or covenants *or understandings*, other than those *expressly* set forth." (emphasis supplied)

Given the lack of any *express* articulation in the agreement concerning the tax consequences in the event that, as happened here, the Internal Revenue Service disagreed with the agreement's categorization of the payments as "maintenance," we conclude that the trial court did not err in ruling that no enforceable contract existed between the parties regarding the tax consequences of the agreement.

Husband's second argument is that the trial court erred in not reforming the settlement agreement based on mutual or unilateral mistakes concerning the legal consequences of the agreement. Again, we disagree.

"Where no question of fraud, bad faith or inequitable conduct is involved, and the claim of a right to reform a contract is [based] solely on a mistake, it is absolutely necessary that the mistake be mutual, and that both parties understood the contract to be different from what it shows on its face, and that they understood the contract would have been different except for a mistake." *Smith v. Whitlow*, 129 Colo. 239, 268 P.2d 1031 (1954).

■ Here, the conditions for reformation on the basis of mutual mistake are not present. Rather, in the case before us, as in *Smith v. Whitlow, supra*, there is a lack of sufficient showing in the record that the parties ever understood or intended the contract to be other than as it stands before us; or that either party labored under any misconception in regard to the inherent right of the Internal Revenue Service to characterize payments under the agreement as maintenance or property division, notwithstanding the agreement's reference to the payments in question as "maintenance." A party's prediction or judgment as to events to occur in the future, even if erroneous, is not a "mistake" for the purpose of making a contract voidable. *Restatement (Second) of Contracts* § 151 comment a (1981). Therefore, reformation of the settlement contract was not justified.

Judgment affirmed.

KELLY and BABCOCK, JJ., concur.