The **BERGEN DITCH & RESERVOIR COMPANY**, a Colorado corporation, Plaintiff-Appellant,

v.

Robert C. **BARNES**, sometimes referred to as Robert Charles Barnes, both individually and as a partner of Robert Charles Barnes & Co., and Shirley Evelyn Barnes & Co., both partnerships, Shirley E. Barnes, sometimes referred to as Shirley Evelyn Barnes, both individually and as partners of Shirley Evelyn Barnes & Co., and Robert Charles Barnes & Co., both partnerships, Robert Charles Barnes & Co., a partnership, Shirley Evelyn Barnes, a partnership, and Paul K. Kruse, Defendants-Appellees.

No. 83CA0518.

Colorado Court of Appeals, Div. I.

May 10, 1984.

Grant, McHendrie, Haines & Crouse, P.C., J. Albert Sebald, Denver, for plaintiff-appellant.

No appearance for defendants-appellees.

PIERCE, Judge.

In this action for trespass, the trial court awarded plaintiff, the Bergen Ditch and Reservoir Company (Bergen), compensatory damages, but denied its request for injunctive relief. Bergen appeals that portion of the trial court's judgment which found that defendants, Robert C. Barnes, Robert C. Barnes & Co., Shirley E. Barnes, Shirley Evelyn Barnes & Co., and Paul K. Kruse (Barnes), have a non-exclusive right to use a portion of the surface of a reservoir for boating, water skiing, and other activities. We affirm.

Bergen constructed the Bergen No. 1 Reservoir prior to 1900, and it remains the owner of the water stored there. The reservoir is filled from a natural stream by diversion works and ditches constructed by Bergen.

In 1892, Bergen and John H. Brooks owned separately the land under the reservoir, Brooks alone owning the smaller portion at the southern end of the reservoir. In 1892 Brooks granted an easement conveying the southern end to Bergen which stated twice:

"[T]he right to overflow and use as part of the lake ...."

In June 1970, Barnes acquired the portion of the reservoir bed previously owned by Brooks, subject to the 1892 easement. Bergen and Barnes now own separately the entire reservoir bed.

This appeal arose out of Bergen's allegations that Barnes had committed trespass by unauthorized use of the reservoir for boating, water skiing, and other activities. Bergen requested injunctive relief, compensatory damages, and a determination by the trial court that Barnes had neither rights, title, and interest in and to the reservoir, nor any right or privilege to use the reservoir, any portion thereof or any waters therein.

The trial court found (1) that Barnes' property is overflowed with waters from the reservoir pursuant to the 1892 easement granted to Bergen by Brooks; (2) that waters from the reservoir overflow a maximum of ½ acre of Barnes' property; and (3) that Barnes hold a non-exclusive right to use that portion of the surface of reservoir waters which overflow onto their property. The trial court further held that Bergen also holds a right reasonably to use the surface of the reservoir which overflows Barnes' property.

Bergen challenges the propriety of the trial court's judgment that Barnes holds a non-exclusive right to use the portion of the surface of the reservoir which overflows Barnes' property. Bergen then asserts the trial court should have concluded that the 1892 easement granted Bergen the right to control the surface of the reservoir overflowing Barnes' property. We disagree.

Bergen correctly states that Colorado has recognized the common law doctrine

that "he who owns the surface of the ground has the *exclusive* right to everything which is above it." (emphasis added) *People v. Emmert*, 198 Colo. 137, 597 P.2d 1025 (1979); § 41–1–107, C.R.S. This rule applies to both parties.

Here, however, the common law exclusive right in Barnes is qualified by the 1892 easement which Brooks granted Bergen. The dispositive issue on appeal, therefore, is whether the 1892 easement is exclusive or non-exclusive in nature. *People v. Emmert, supra.*

■ An easement by its nature, although distinct from ownership, is an interest in land. *Lehman v. Williamson*, 35 Colo.App. 372, 533 P.2d 63 (1975). Unless the grant conveying an easement specifically characterizes the easement as "exclusive," the grantor of the easement retains the right to use the property in common with the grantee. *Barnard v. Gaumer*, 146 Colo. 409, 361 P.2d 778 (1961); *see Alexander Dawson, Inc. v. Fling*, 155 Colo. 599, 396 P.2d 599 (1964) (easement conveyed specifically set forth that it was for the "sole and exclusive use ....").

■ Because the deed conveying the easement does not contain words of exclusivity or sole use in describing the use granted to Bergen, the trial court did not err when it ruled that Barnes held a non-exclusive right to use the surface of the reservoir waters which overflow Barnes' property from time to time in conjunction with its holding that Bergen also holds the right to use the surface of the waters of the reservoir which overflow Barnes' property.

The judgment is affirmed.

BERMAN and METZGER, JJ., concur.