**In re the Marriage of Michael A. TANOUS, Appellant,**

**and**

**Sharon L. Tanous, Appellee.**

**No. 85CA1317.**

Colorado Court of Appeals, Div. I.

Nov. 6, 1986.

John D. Braun, Colorado Springs, for appellant.

Jeffrey I. Tompkins, P.C., Jeffrey I. Tompkins, Colorado Springs, for appellee.

TURSI, Judge.

Michael A. Tanous (husband) appeals the trial court order apportioning a tax liability assessed after the decree of dissolution and not anticipated in the property settlement made at the time of the dissolution of his marriage to Sharon L. Tanous (wife). He asserts the trial court abused its discretion (1) by failing to construe the agreement according to the intentions of the parties, (2) by failing to apply Internal Revenue Code § 6013(d)(3) (1954) to interpret the contract, and (3) by apportioning the tax liabilities in proportion to the income of each party for each tax year. We affirm.

The parties were granted a dissolution of their five-year marriage. Incorporated into the decree of dissolution was their separation agreement which determined the division of property. Two years later, the Internal Revenue Service audited a tax return the parties had filed jointly. The audit produced a tax liability. The separation agreement does not distribute tax liabilities, and the parties admitted that such a tax liability was not contemplated by either of them upon entering the agreement.

Wife requested that the trial court clarify the separation agreement by finding husband solely liable for the taxes. Husband proposed the parties be found jointly and severally liable. The trial court ruled the separation agreement did not address this tax liability. It ordered the taxes be apportioned to the parties based on each party's earned income for each tax year.

I

The husband asserts the trial court abused its discretion by its failure to view the agreement as a whole so as to glean therefrom the intent of the parties regarding contingent tax liabilities. We disagree.

■ The parties agree that they did not contemplate contingent tax liabilities when they entered the agreement. Accordingly, they had no intentions, nor did they reach a mutual assent, regarding the tax liability. Therefore, there was no valid provision in the contract on this matter for the court to interpret. See Sunshine v. M.R. Mansfield Realty, Inc., 195 Colo. 95, 575 P.2d 847 (1978). Thus, the court did not abuse its discretion by concluding that no enforceable contract existed between the parties regarding tax liabilities. See In re Marriage of Hall, 681 P.2d 543 (Colo.App. 1984).

II

The husband also asserts the trial court abused its discretion in failing to apply Internal Revenue Code § 6013(d)(3) (1954) to the contract. We disagree.

■ Section 6013(d)(3) is not applicable to the settlement agreement. That section provides that when a joint return is made, the tax liability is joint and several. Such liability permits the Internal Revenue Service to collect a tax from one or all of several taxpayers, making a husband and wife who file a joint return collectively or individually liable for the full amount of the tax. See Black's Law Dictionary, joint and several liability (rev. 5th ed. 1979). However, the phrase "joint and several liability" defines how the I.R.S. may collect taxes from the parties, not how the parties will allocate payment of the taxes between themselves. Hence, the trial court did not abuse its discretion in refusing to apply the section.

III

Finally, husband asserts the trial court abused its discretion by apportioning the tax liabilities in proportion to each party's earned income for each tax year. Again, we disagree.

■ Since the agreement did not contemplate the contingent tax liabilities, it is within the trial court's discretion to distribute them. See Lay v. Lay, 162 Colo. 43, 425 P.2d 704 (1967). The husband contends

that since the separation agreement resulted in roughly a 50–50 division of the marital assets, the equities require a division of the tax liability on a 50–50 basis. However, the trial court is not bound by the division made in the separation agreement. It must make a distribution that is just and equitable, but that does not necessarily mean equal. *In re Marriage of Gercken,* 706 P.2d 809 (Colo.App.1985). We find no abuse of discretion in the apportionment of the tax liability based on the earned income of each party.

Judgment affirmed.

PIERCE and METZGER, JJ., concur.