**CYPRESS BANK, Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.**

No. 17798.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 13, 1980.

Rehearing Denied Dec. 18, 1980.

John F. Schaffer, Houston, for appellant.

Urban & Coolidge, L. Kirk Kridner, Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from a suit on a letter of credit. Southwestern Bell Telephone Company, appellee, filed suit against Cypress Bank, appellant, for wrongful dishonor of a letter of credit. The trial was to the court without a jury and judgment was for Southwestern Bell. Findings of fact and conclusions of law were filed. The judgment will be reversed and rendered.

On March 11, 1977, the Bank issued a letter of credit in favor of Southwestern Bell to insure the payment of the telephone bill of Sullivan Chemical Co., Inc. The letter of credit reads:

> At the request and for account of Sullivan Chemical Co., Inc., we hereby establish our Irrevocable Letter of Credit Number 010 in your favor for the account indicated above for a sum or sums not exceeding $4,000.00 dollars, at sight on us.
>
> This letter of credit covers all charges for telephone services originated from or charges accepted at any telephone station, including directory advertising, billed to the above indicated account.
>
> Any draft drawn under this letter of credit must be accompanied by your statement for services and a signed statement from your District Manager that the amount drawn represents the unpaid amount for services rendered and billed as of the date of any such statement for services. Each draft drawn relative hereto must be marked: Drawn Under Credit Number 101.
>
> We hereby agree to honor each draft drawn under and in compliance with the terms of this credit, when duly presented together with the documents herein specified. This letter of credit shall expire one (1) year from date hereof.
>
> Very truly yours,
>
> s/Robert E. Jacobs, President

The appellant asserts that the trial court erred in finding that Southwestern Bell timely presented drafts and documents to the Bank under the Bank's letter of credit and also in finding that the drafts and documents presented by Southwestern Bell conformed to the requirements of the Irrevocable Letter of Credit.

The Bank has not attacked the finding that the drafts and documents required by the letter of credit were presented on April 6, 1978. This was less than a month after the expiration date of the letter of credit. A question is raised as to whether the draft must be presented before the expiration date of the letter of credit in order to hold the issuer liable on the letter.

Here we are concerned with what is usually called a "standby credit" or "guaranty credit" whereby the issuer agrees to pay the beneficiary upon presentment of documentation indicating that the account party has defaulted on a payment obligation. Some observations of the Supreme Court of Texas found in *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth*, 578 S.W.2d 109, 114 (1979), will be helpful in determining the questions posed by this case:

> Although it is true that every letter of credit appears to function as a guaranty, there are several subtle but important distinctions. A true guaranty creates a secondary obligation whereby the guarantor promises to answer for the debt of another and may be called upon to perform once the primary obligor has failed to perform .... since a guaranty is ancillary to the underlying contract, a dispute as to the rights and obligations of the guarantor can only be resolved by a factual determination of the rights and obligations of the parties to the underlying contract .... a bank that issues a credit, however, acts as a principal, not as an agent of the account party, and it engages its own credit....

The letter of credit issued by the Cypress Bank to Southwestern Bell Telephone Company is an undertaking to pay drafts drawn by the Telephone Company for a sum or sums not exceeding $4,000.00 on presentation accompanied by the Telephone Company's statement for services and the signed statement from a district manager that the amount drawn represents the unpaid amount for services rendered and billed as of the date of any such statement for services. The draft must be marked "drawn under credit no. 010." The letter of credit provided that it "shall expire one (1) year from date hereof."

In *G. Jaris & Co. v. Banque D'Athenes et al*, 141 N.E. 576 (Sup.Mass.1923), we find this statement of the law:

> Where a date is fixed as the time for the expiration of a letter of credit, that becomes an important and essential condition. There must be strict compliance with it before there can be liability on the part of the bank issuing the letter of credit.

In that case the court construed the documents constituting the letter of credit together and determined that the credit expired on February 1, 1919. The court then stated: "... the liability of the defendant ceased on that date if not fixed before then by presentment and demand."

Since the letter of credit issued to Southwestern Bell contains an expiration date, liability under the letter must have been fixed by presentment of a draft to the issuer, together with all required documentation, prior to the expiration date of the letter of credit. *The Chase Manhattan Bank v. Equibank*, 550 F.2d 882 (3d Cir. 1977); *Hyland Hills, etc. v. McCoy Enterprises, RMC.*, 554 P.2d 708 (Colo.App.1976).

We do not consider that this holding conflicts with *Lamborn v. National Park Bank of New York*, 148 N.E. 664 (N.Y.Ct. of App., 1925). The letter of credit with which that case was concerned did not specify an expiration date.

Since Southwestern Bell Telephone Company's demand for payment was presented to the bank after the expiration date of the letter of credit, the Bank did not incur liability by refusing to honor the demand for payment.

The judgment of the trial court is reversed and judgment is here rendered that Southwestern Bell Telephone Company take nothing by its suit against Cypress Bank.