FIDELITY & DEPOSIT COMPANY OF MARYLAND, Appellant,

v.

WELLINGTON TRADE, INC., et al., Appellees.

No. B14–82–011CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 29, 1982.

Tom Connally, Fulbright & Jaworski, Houston, for appellant.

Richard L. Symonds, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

MURPHY, Justice.

Fidelity and Deposit Company of Maryland (Fidelity) appeals the trial court's grant of a summary judgment in favor of Wellington Trade, Inc., et al. (Wellington). At issue on appeal is the legal sufficiency of Wellington's summary judgment proof. We reverse and remand.

Wellington and SSA International, Inc. (SSA), an independent freight forwarder, entered a contract for the sale of four dry van trailers in August, 1977, for the purchase price of $8,800.00. Wellington delivered the trailers in September, 1977, but never received payment. In March, 1978, Wellington filed suit against SSA for breach of contract and failure to pay on a sworn account. The trial court granted Wellington's motion for summary judgment on December 28, 1978, but Wellington was unable to collect its judgment from SSA. SSA was required to obtain bonding under 46 U.S.C. § 841b(c) (1975). Fidelity agreed to serve as surety and issued bond No. 883–65–87 to SSA. In March, 1979, having been unable to recover from SSA, Wellington sought recovery from Fidelity as surety under the terms of the bond. In response to Wellington's assertion of a formal claim against it, Fidelity denied the applicability of the bond. Wellington filed suit against Fidelity on June 1, 1979, seeking recovery of the purchase price of the trailers to which Fidelity answered by general denial on July 9, 1979. Wellington filed its motion for summary judgment on January 6, 1981. As summary judgment proof, Wellington purportedly attached a copy of the bond and a request for admission deemed admitted by Fidelity's failure to respond as provided in Tex.R.Civ.P. 169. The request for admission is not, however, part of the record. A copy of the sale contract and the summary judgment against SSA were attached to Wellington's original petition. Fidelity failed to respond, and on November 16, 1981, the trial court granted Wellington's motion for summary judgment.

Fidelity's point of error asserting the trial court erred in granting the motion

for summary judgment entails the determination of whether Wellington established a requisite element of its cause of action, i.e., Wellington was an obligee under the terms of the bond, in its summary judgment proof. This court is limited to a review of the legal sufficiency of the summary judgment proof. Tex.R.Civ.P. 166–A(c); *Malone v. Federal Deposit Insurance Corporation,* 611 S.W.2d 855, 856 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). By failing to respond to Wellington's motion, Fidelity waived all defects, including certification and failure to attach supporting documents to the motion, which could have been corrected in the trial court. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 675 (Tex.1979). In order to be entitled to a judgment as a matter of law, the movant for summary judgment has the burden of showing no genuine issue of fact exists. *Id.* at 678; Tex.R.Civ.P. 166–A. The motion for summary judgment must stand or fall on the grounds it specifically and expressly sets forth. Tex.R.Civ.P. 166–A(c); 589 S.W.2d at 676; *Texas State Investors, Inc. v. Kent Electronic Co., Inc.,* 620 S.W.2d 841, 843–844 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). If "the pleadings, depositions, answers to interrogatories, admissions and affidavits" demonstrate that except for damages no genuine issue of fact exists, the movant merits judgment as a matter of law. Tex.R.Civ.P. 166–A(c). Wellington's motion for summary judgment sets forth the following issues:

(1) a request for admission to determine the genuineness of the bond was deemed admitted under Tex.R.Civ.P. 169;

(2) a principal-surety relationship existed between SSA and Fidelity at the time of the transaction;

(3) by SSA's purchase of the trailers, it had undertaken to act as a freight forwarder; and

(4) Wellington was an obligee under the bond.

The language of the bond at issue provides that:

"This bond shall inure to the benefit of any and all persons *for whom the Princi-*

*pal shall have undertaken to act as an independent ocean freight forwarder.*"

(Emphasis added). Undertaking to act as independent freight forwarder means dispatching or forwarding shipments by an entity not a shipper, seller, consignee or purchaser on behalf of other entities. 46 U.S.C.A. § 801 (1975). 46 U.S.C.A. § 841b(c) (1975) requires bonding of freight forwarders to ". . . insure financial responsibility and the supply of services in accordance with contracts, agreements or arrangements therefor." In its judgment, the trial court found that Wellington's cause of action was based upon a bond "whose terms and force during the matters alleged herein the Court deems admitted." The trial court further found no material issue of fact existed and that "the terms of the bond entitled Plaintiff (Wellington) to judgment as a matter of law." The liability of a surety on its bond is normally determined by the language of the bond. *Howze v. Surety Corporation of America,* 584 S.W.2d 263, 266 (Tex.1979); *Parliament Insurance Company v. L.B. Foster Company,* 533 S.W.2d 43, 46 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). The language of the bond clearly limits Fidelity's liability to those for whom SSA acted as a freight forwarder as defined in 46 U.S.C.A. § 801 (1975). There was no proof, however, that in purchasing the dry van trailers SSA was undertaking to act as an independent ocean freight forwarder. Having failed to prove the applicability of the bond to its transaction with SSA by its summary judgment proof, Wellington did not establish its right to judgment as a matter of law. We cannot sustain the trial court's judgment and therefore reverse and remand for trial.

Reversed and remanded.