FIRST STATE BANK OF CORPUS
CHRISTI, Appellant,

v.

SHUFORD MILLS, INC., Appellee.

No. 13–86–042–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Sept. 30, 1986.

Bruce Matzke, Sorrell, Anderson, Lehr-
man & Wanner, Corpus Christi, for appel-
lant.

John S. Warren, Le Laurin & Adams,
Corpus Christi, for appellee.

Before BENAVIDES, UTTER and DOR-
SEY, JJ.

OPINION

BENAVIDES, Justice.

This is an appeal from a suit on a letter
of credit. Shuford Mills, appellee, brought
suit against First State Bank of Corpus
Christi, appellant, for wrongful dishonor of
a letter of credit. The trial court granted
summary judgment for Shuford Mills. We
affirm.

The case centers around a draft drawn
pursuant to the provision of letter of credit
issued by the Bank. The letter of credit
neither specifically provided for a "nego-
tiable" draft nor the presentment of an "at
sight" draft.

The facts are not disputed. On April 19,
1983, the Bank issued its letter of credit to
Shuford Mills. The letter of credit was
written to the attention of a Mr. Hunt,
Shuford's credit manager, and provided in
pertinent part the following:

> We hereby issue our stand-by letter of
> credit for Lorin Crosby d/b/a Best
> Source for an amount not to exceed
> $9,500.00.

> Should invoices not be paid within 30
> days of issue, drafts should be drawn
> with these invoices enclosed and marked
> "Drawn under stand-by letter of credit
> issued April 19, 1983."

> This letter is valid for a period of one (1)
> year at which time it must be renewed.

> This letter replaces ours of February 7,
> 1983.

On April 16, 1984, Mr. Hunt called the Bank and spoke with a Mr. Mike Gray about the procedure required to draft against the letter since Shuford had invoices over 30 days past due totalling $7,313.64 which had not been paid by Lorin Crosby. Mr. Hunt prepared a draft providing for payment "at sight," which was also dated April 19, 1984. A copy of the face of the draft is reproduced here for illustration:

```
"Drawn under stand-by letter of
credit issued April 19, 1983."        April 19            19 84

        ⁚⁚⁚     ---At Sight---    RETURNED UNPAID

PAY TO THE
ORDER OF  Shuford Mills, Inc., Hickory, North Carolina     $ 7,313.64

 Seven thousand three hundred thirteen and 64/100            DOLLARS

                                  VALUE RECEIVED AND CHARGE TO ACCOUNT OF
TO First State Bank of Corpus Christi
   PO Box 3708                    Lorin Crosby d/b/a Best Source
   Corpus Christi, Texas   78404  Ingleside, Texas  78362
                                  BY Donald R. Cook  Treasurer
                                     Shuford Mills, Inc.
                                                EXHIBIT
```

FNB 02-7-CO APR. 74

As can be seen in the reproduction, the draft was marked "Drawn under stand-by letter of credit issued April 19, 1983." The invoices were also enclosed with the draft and sent to the Bank via Federal Express on April 17, 1984 and received by the Bank April 18, 1984. The draft was returned to the appellee unpaid.

The Bank seeks to avoid payment by asserting, by its sole point of error, that the draft was a negotiable instrument and that the inclusion of the April 19, 1984 date made the "at sight" draft not payable until April 19, 1984, the day after the letter of credit expired. The Bank would have us hold that although the draft was timely received, it was not timely payable; therefore, the Bank was not obligated to honor its letter of credit.

A "sight" draft is a draft which is payable on demand. *Temple-Eastex, Inc. v. Addison Bank*, 672 S.W.2d 793, 797 (Tex.1984). There is no dispute that the draft in this case meets the requirement of a sight draft. However, the letter of credit did not require that the draft be a negotiable instrument. Indeed, a "draft," in the context of a letter of credit which does not define "draft," authorizes payment upon demand. *See Travis Bank & Trust v. State*, 660 S.W.2d 851 (Tex.App.—Austin 1983, no writ). Since the letter of credit contained an expiration date, liability under the letter was fixed by presentment of a draft to the Bank, together with all required documentation, prior to the expiration date of the letter of credit. *Cypress Bank v. Southwestern Bell Telephone Co.*, 610 S.W.2d 185, 187 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

When presentment is made by mail, the time of presentment is determined by the time of receipt of the mail. TEX. BUS. & COM. CODE ANN. § 3.503 (Vernon 1968). Here, the draft was received on April 18, 1984 along with the required documentation under the Bank's letter of credit.

As recently as 1984, our Supreme Court stated in *Temple-Eastex, Inc.*, the following rule of construction:

Letters of credit are governed by the construction rules of ordinary contracts. *Republic National Bank v. Northwest National Bank*, 578 S.W.2d 109, 115 (Tex.1979). In Texas, a writing is generally construed most strictly against its author and in such a manner as to reach a reasonable result consistent with the apparent intent of the parties. *If two constructions are possible, a construction rendering the contract possible of performance will be preferred to one that renders its performance impossi-*

*ble or meaningless. Id.* at 115. As a result, the bank's letter of credit is construed most strictly against the bank because it drafted the letter of credit. [Emphasis added]

*Temple-Eastex, Inc. v. Addison Bank,* 672 S.W.2d at 798.

 The Bank did not require an "at sight" draft, nor a "negotiable" draft, nor that a date of payment be set out in the draft. The Bank could have required a negotiable instrument or defined the requirements of the draft and made such provisions a condition of its liability or performance under its letter of credit. *Temple-Eastex, Inc.,* 672 S.W.2d at 798. It did not do so. Since the draft and documentation were received by the Bank while the letter of credit was operative and in compliance with the conditions of the letter of credit, we find that the trial court did not err in finding the Bank liable for failing to honor its letter of credit. We overrule appellant's sole point of error.

The judgment of the trial court is AFFIRMED.