UNIVERSAL SAVINGS
ASSOCIATION, Appellant,

v.

KILLEEN SAVINGS & LOAN
ASSOCIATION, Appellee.

No. 01–87–01051–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 11, 1988.

Rehearing Denied Sept. 7, 1988.

Daniel H. Byrne, J. Michael Bell, Steven D. Strickland, Baker, Brown, Sharman & Parker, Houston, for appellant.

Linda L. Addison, Joy M. Soloway, Fulbright & Jaworski, Houston, for appellee.

Before COHEN, STEPHANOW and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a summary judgment granted to appellee, Killeen Savings & Loan Association (Killeen) against appellant, Universal Savings Association (Universal) for the wrongful dishonor of a draft drawn on an irrevocable letter of credit issued by Universal. Universal also appeals the denial of its motion for summary judgment.

Universal's letter of credit was issued as part of a loan agreement whereby Killeen agreed to loan $6,680,000 to 25 Acre Airport Freeway Joint Venture ("Venture") for the purchase and development (development referring to the construction of streets, etc., of a Euless, Texas subdivision) in return for a promissory note and a deed of trust to the properties. As part of the transaction, Killeen required that Venture acquire additional collateral by means of a $1,000,000 letter of credit. On Venture's request, Universal issued the following letter of credit to Killeen on August 2, 1985:

Gentlemen:

At the request of 25 Acre Airport Freeway Joint Venture we hereby issue in

your favor this documentary Irrevocable Letter of Credit which is available by negotiation of your draft at sight drawn on Universal Savings Association, Houston, Texas in the aggregate amount of U.S. One Million Dollars ($1,000,000.00) drawn under Documentary letter Letter of Credit No. 50–84, dated August 2, 1985 of Universal Savings Association, Houston, Texas, accompanied by:

1) A letter from a purported officer of Killeen Savings and Loan Association stating that 25 Acre Airport Freeway Joint Venture is in default under the terms and conditions of one certain promissory note dated August 2, 1985 executed by borrower payable to the order of Killeen Savings and Loan Association; accompanied by a notarized statement evidencing that the officer presenting said Letter has the authority to represent and/or act on behalf of Killeen Savings and Loan Association.

2) Any draft presented must bear the clause "DRAWN UNDER UNIVERSAL SAVINGS ASSOCIATION LETTER OF CREDIT NO. 50–84 DATED AUGUST 2, 1985". The original Letter of Credit must accompany draft for payment.

This Letter of Credit shall expire thirteen (13) months from the date of this letter, that expiration date being September 2, 1986; but, this Letter of Credit No. 50–84 can not be called anytime before eleven (11) months from the date of this letter.

This Letter of Credit is only good subject to all allocated funds for development being funded for improvements only and approval of all disbursements of said funds by the City of Euless Inspection department.

Except so far as otherwise expressly stated, this Irrevocable Letter of Credit is subject to the "Uniform Customs and Practice for documentary Credit (1983 Revision), International Chamber of Commerce Brochure No. 400".

Universal, on issuing the letter of credit, took a second lien on the properties.

To secure financing of the public improvements, the City of Euless required Venture to deposit the monies necessary to pay for the improvement costs with the city. Thereafter, Killeen issued an irrevocable letter of credit in the amount of $413,588.40, the estimated costs of the public improvements. This letter of credit was later substituted with a cash escrow deposit of $119,109.40.

Venture defaulted on April 30, 1986, and on August 26, 1986, Killeen presented a draft drawn on Universal for $1,000,000 accompanied by: (1) the original Certificate of Association of the Officers for Killeen; (2) the original letter of default from Venture; and (3) the original letter of credit issued by Universal. Universal refused to honor the note, contending that Killeen had not met the requirement that "[t]his letter is only good subject to all allocated funds for development being funded for improvements only and approval of all disbursements of said funds by the City of Euless Inspection Department."

Killeen resubmitted the draft on September 2, 1986, and included a letter from James Knight, Director of the Euless Public Works Department stating:

This correspondence will acknowledge that Killeen Savings & Loan Association has disbursed funds in the amount of $413,588.40 to the City of Euless as of August 6, 1986. These funds have been and will continue to be disbursed by the City of Euless to contractors constructing public improvements to serve Westpark II Addition to the City as construction proceeds within this development and in accordance with the City–Developer and City–Contractor agreements regarding construction of such improvements. All disbursements of said funds heretofore made by the City of Euless have been approved by the undersigned and disbursement of all remaining funds shall be made upon approval of the undersigned.

Again, Universal notified Killeen that all conditions had not been met, and that the

letter of credit had expired.[1]

Killeen brought suit contending wrongful dishonor. Both parties filed for summary judgment. The trial court denied Universal's motion and granted summary judgment for Killeen, awarding Killeen the full amount of the letter of credit, pre-judgment and post-judgment interest, and attorney's fees.

■ A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). In a summary judgment proceeding, the burden of proof is on the movant, and all doubts about the existence of a genuine issue of fact are resolved against him or her. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982) (per curiam). When the movant has established a right to a summary judgment, the burden shifts to the non-movant. The non-movant must then respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

■ We review the record of a summary judgment in accordance with the following standards:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

(2) In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *see CKB & Assocs. v. Moore McCormack Petroleum, Inc.*, 734 S.W.2d 653 (Tex.1987).

Issues not expressly presented to the trial court by written motion, answer, or other response to the motion for summary judgment cannot be considered on appeal as grounds for reversal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d at 676.

■ Universal's only contention is that the "conditions precedent" in the fifth paragraph were not met. Specifically, Universal contends that the paragraph, "[t]his Letter of Credit is only good subject to all allocated funds for development being funded for improvements only and approval of all disbursements of said funds by the City of Euless Inspection department," explicitly creates two conditions precedent to Universal's liability under the letter of credit. Those conditions being: (1) all allocated funds for development must be funded for improvements only; and (2) the City of Euless Inspection Department must have approved all disbursements of all allocated funds for development. Universal contends that because the entire $413,588.40 had not been distributed by or approved by the City of Euless prior to Sept. 2, 1986 that no liability attached under the letter of credit.

Killeen contends that, under the applicable rules of construction, the paragraph "is merely a general reference to the underlying contract which [sic] should be disregarded as surplusage." Neither party contends that the paragraph is ambiguous. "It is elementary that if there is no ambiguity, the construction of the written instrument is a question of law for the court." *Westwind Exploration, Inc. v. Homestate Sav. Ass'n*, 696 S.W.2d 378, 381 (Tex.1985). Therefore, this Court must determine the effect of this paragraph and whether Killeen conformed to its requirements, if any.

■ Letters of credit are governed by the construction rules of ordinary contracts. *Republic Nat'l Bank v. Northwest Nat'l Bank*, 578 S.W.2d 109, 115 (Tex.

---

1. We note that the letter that accompanied the September refusal to honor the letter of credit did so on the basis that the amount funded for improvements by Killeen was only $413,588.40, whereas the original estimated costs were $545,500. Universal now contends that Venture failed to comply with the two conditions precedent.

1979). "In Texas, a writing is generally construed most strictly against its author and in such a manner as to reach a reasonable result consistent with the apparent intent of the parties. If two constructions are possible, a construction rendering the contract possible of performance will be preferred to one that renders its performance impossible or meaningless." *Temple–Eastex Inc. v. Addison Bank*, 672 S.W.2d 793, 798 (Tex.1984).

Additionally, the beneficiary of a letter of credit must strictly comply with the conditions of payment before he or she is entitled to receive payment thereunder. *Id.* at 795; *Cypress Bank v. Southwestern Bell Tel. Co.*, 610 S.W.2d 185 (Tex.Civ.App. —Houston [1st Dist.] 1980, writ ref'd n.r. e.). Furthermore, the letter of credit agreement is separate and apart from the underlying contract. *Republic Nat'l Bank v. Northwest Nat'l Bank*, 578 S.W.2d at 115; *Alamo Sav. Ass'n v. Forward Constr. Corp.*, 746 S.W.2d 897 (Tex.App.— Corpus Christi 1988, n.w.h.). Therefore, compliance or non-compliance with the underlying contract does not affect the issuer's liability unless a reference to the underlying contract *explicitly* creates a condition for honoring a draft. *Summit Ins. Co. v. Central Nat'l Bank*, 624 S.W.2d 222, 225 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Pringle Assoc. Mortgage Corp. v. Southern Nat'l Bank*, 571 F.2d 871, 874 (5th Cir.1978).

"General references to underlying agreements are surplusage and should not be considered in deciding whether the beneficiary has complied with the terms of the credit." *Summit Ins. Co. v. Central Nat'l Bank*, 624 S.W.2d at 225. However, "we must recognize that 'the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement' and that '[a] reasonable interpretation [of the agreement] will be preferred to one which is unreasonable.'" *Westwind Exploration, Inc. v. Homestate Sav. Ass'n*, 696 S.W.2d at 382 (citing *Portland Gasoline Co. v. Superior Marketing Co.*, 150 Tex. 533, 535, 243 S.W.2d 823, 824 (1951)).

Universal acknowledges that generally in documentary letters of credit the issuer's liability is determinable from the face of the document without reference to the underlying contracts. However, it contends that non-documentary provisions are not prohibited and are consistently enforced. In support of this contention, Universal cites this Court's opinion in *Summit Ins. Co. v. Central Nat'l Bank*, 624 S.W.2d at 222. However, in *Summit*, the letter of credit provided an explicit condition in reference to the underlying contract by stating: "[y]our sight draft so drawn on and accompanied by a proper claim or demand *in accordance with the aforesaid general agency agreement....*" *Id.* at 224. Universal's letter of credit fails to explicitly refer to the underlying agreement.

Additionally, Universal cites *Raiffeisen–Zentralkasse Tirol v. First Nat'l Bank*, 671 P.2d 1008 (Colo.Ct.App.1983), in support of its contention. In that case, the court, without providing the text of the letter of credit, found that the language unambiguously created non-documentary conditions, and that those conditions, were sufficiently explicit to be enforceable. Without the benefit of the text in the letter, we find the case to be unpersuasive as authority for the appellant's point of error.

We find no express wording in the letter of credit that requires that all allocated funds must be expended as prerequisite for receiving payment. We also find that the September 2, 1986 letter of James Knight complies with the approval and disbursement requirements of the City of Euless.

Furthermore, because a letter of credit is strictly construed against the author and references to underlying contracts are merely surplusage without specific conditions for honoring the underlying contract, we hold that the letter of credit did not create the two conditions precedent to liability as asserted by Universal.

Moreover, if two constructions are possible, a construction rendering performance possible is preferred. Under Universal's contentions, the letter of credit's viability would be under the control of the City of Euless, who is not a party to the letter of

credit, nor a direct party to the underlying agreement. Additionally, once Killeen paid the cash to Euless for Euless to disburse for the public improvements as required by city ordinance, there would be no further action available for Killeen to protect its interests. We find this analysis untenable.

Because we have held that the plain meaning of the letter under the judicially created presumptions does not include Universal's claimed preconditions, we conclude that the summary judgment was correct.

Universal's points of error are overruled.

The judgment of the trial court is affirmed.