**WESTBROOK CONSTRUCTION COMPANY, INC.; Tel–Power Construction Company; Vermeer Equipment of Texas, Inc.; Billy Teel; Tesmec, USA, Inc.; Walker Road Boring, Inc.; Cable Specialists, Inc.; and West Texas Equipment Company, Inc., Appellants,**

v.

**FIDELITY NATIONAL BANK OF DALLAS, as Assignee of Federal Deposit Insurance Corporation, as Receiver For First State Bank of Texas, Appellees.**

No. 02–89–162–CV.

Court of Appeals of Texas,
Fort Worth.

July 30, 1991.

Rehearing Overruled Aug. 29, 1991.

William Murphy, Murphy, Shrull, Moore & Bell, Fort Worth, Kenneth G. Leggett, Glandon, Erwin, Scarborough, Baker & Gravley, Abilene, for appellants.

Kelly Duggan, Thomas G. Van Amburgh, Hunter, Van Amburgh & Wolf, Dallas, for appellees.

Before WEAVER, C.J., and FARRIS and DAY, JJ.

## OPINION

WEAVER, Chief Justice.

This is an appeal from a summary judgment. The case involved a dispute of various claimants to funds which were interplead and paid into the registry of the court by Southwestern Bell Telephone Company (Bell). The funds represented the balance owing by Bell under a construction contract (the Bell Contract), which it entered into on July 10, 1987, with Vernon Nelson, d/b/a Red Baron Ditchin, the general contractor.

The trial court found that the appellee, Fidelity National Bank of Dallas (Fidelity), had a prior and superior security interest, lien and claim to such funds, and granted summary judgment to Fidelity for the amount of its claim. Fidelity was also granted a judgment of foreclosure of its security interest and lien in the Bell Contract, and in all proceeds therefrom, including the funds interplead into the registry of the court, to the extent of its claim of indebtedness. The judgment ordered the district clerk to pay these sums to Fidelity from the registry of the court. We reverse and remand.

Fidelity's claim to the proceeds arises from its position as the holder of a note given by Red Baron Ditchin, the general contractor, on March 25, 1987, which note was secured by a security interest in the accounts receivable of Red Baron Ditchin, including all accounts, contract rights and rights to payment of every kind "now or at any time hereafter arising out of the business of the debtor; ..."

Appellants'[1] claim that they completed the Bell Contract after Red Baron Ditchin had defaulted thereunder, and that they had a superior right to the interplead funds due to their status as subcontractors or materialmen. They also assert a claim to these funds as beneficiaries of a Trust

1. This suit was filed against Bell on May 23, 1988, by seven plaintiffs, being Westbrook Construction Company, Inc.; Tel–Power Construction Company; Vermeer Equipment of Texas, Inc.; Billy Teel; Tesmec, USA, Inc.; Walker Road Boring, Inc.; and Cable Specialists, Inc.

Appellants on this appeal are the seven plaintiffs named above as well as West Texas Equipment Company, Inc., which was brought into the action by Bell as a third party defendant, and whose interest, for the purpose of this appeal, is aligned with the plaintiffs.

Fund under section 162.003 of the Texas Property Code. This latter claim was not raised until the plaintiffs filed their first amended original petition on May 24, 1989, which was seven days before the motion for summary judgment was heard on May 31, 1989.

Appellants bring one point of error, claiming simply that the trial court erred in granting the motion for summary judgment. Under six subpoints they complain (1 & 3) that Fidelity failed to prove its claims were superior to those of the appellants; (2 & 4) that whether appellants are beneficiaries of a trust fund or whether they are subcontractors or materialmen are genuine issues of fact; (5) that Fidelity offered no summary judgment evidence that appellants' claims were invalid; and (6) that Fidelity failed to prove that it received an assignment of, and was thus the holder of, the note under which it claimed.

■ Fidelity's summary judgment evidence was limited to proof of the claim which it held under the note and security agreement, and it submitted no evidence respecting the claims of appellants. Appellants filed a response to the motion for summary judgment, but likewise introduced no evidence respecting their claims. Accordingly, the record contains no evidence respecting the existence, validity or propriety of appellants' claims.

Under subpoints one through five, appellants argue, in effect, that because there was no evidence as to their claims, there was no basis on which the trial court could have determined the priority of the various claims. They argue that Fidelity, in addition to proving its own claim, had the burden to prove either that its claim was superior to appellants' claims or that appellants' claims were invalid.

On the other hand, Fidelity claims that the summary judgment was proper because it proved a prima facie case of its claim and that such proof shifted the burden of proof to appellants to present a defense or to establish that appellants' claims were superior.

■ Ordinarily, in an interpleader action each party seeking funds has the burden of proving its prior right to the deposited funds. *See Worden v. Thornburg,* 564 S.W.2d 480, 483 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Celanese Coating Co., DeVoe Paint Div. v. Soliz,* 541 S.W.2d 243, 248–49 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.); and *Northshore Bank v. Commercial Credit Corp.,* 668 S.W.2d 787, 789 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

We consider the above authorities as distinguishable from the matters before us for the reason that it is not shown in those cases that the summary judgments under attack were both sought and granted on a specific ground, as specifically expressed in both the motion for summary judgment and in the summary judgment, as is the situation before us.

To be entitled to a summary judgment, the movant has the burden of establishing that there exists no material fact issue and he is entitled to summary judgment as a matter of law. *Town North Nat. Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978). Once movant's burden is satisfied, the burden shifts to the party against whom summary judgment is sought to present any issues precluding summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 679 (Tex.1979); *Universal Savings Ass'n v. Kileen Savings & Loan Ass'n,* 757 S.W.2d 72, 75 (Tex.App.—Houston [1st Dist.] 1988, no writ). In determining whether the summary judgment evidence introduced by Fidelity shifted the burden of proof to appellants, we will first examine the grounds on which Fidelity sought and obtained a summary judgment.

■ Specific grounds for the summary judgment must be set forth in the motion for summary judgment. TEX.R.CIV.P. 166a. The motion for summary judgment must itself state specific grounds on which judgment is sought. *Inwood Forest, etc. v. R.J.S. Development Co., Inc.,* 630 S.W.2d 751, 753 (Tex.App.—Houston [1st Dist.] 1982, no writ). The motion for summary judgment must stand or fall on the grounds it specifically and expressly sets forth. *Fidelity & Deposit Co. of Mary-*

*land v. Wellington Trade, Inc.*, 640 S.W.2d 698, 700 (Tex.App.—Houston [14th Dist.] 1982, no writ). There is authority to the effect that a summary judgment cannot be sustained on a ground not specifically set forth in the motion. *See Hall v. Harris County Water Control & Improvement Dist.*, 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ); and *Rutherford v. Whataburger, Inc.*, 601 S.W.2d 441, 443 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.).

Appellants point out that the issue of priority between the conflicting claims in this case was raised by Fidelity in its motion for summary judgment. In its motion, Fidelity claimed both that its claim was superior to those of appellants and that the liens claimed by appellants are invalid.

The summary judgment makes no mention of the validity or invalidity of appellants' claims. It does specifically state that the trial court found that Fidelity had a "prior and superior" security interest in the proceeds. This finding indicates that the trial court found Fidelity's claim was prior and superior to something, which we conclude as being the claims of the appellants, since that is what Fidelity asserted in its motion for summary judgment.

Under the circumstances of this case, we reject Fidelity's contention that it made a prima facie case by proving its claim and that the burden shifted to appellants. Fidelity, having sought and received summary judgment on the express ground that its claim was prior and superior, had the burden to introduce summary judgment evidence from which the priorities of the disputed claims could be determined. Fidelity introduced no such evidence to meet this burden. Accordingly, the summary judgment cannot stand. Subpoints of error one through four are sustained. Having sustained these subpoints, we need not reach subpoints five and six.

The judgment of the trial court is reversed and the matter is remanded to the trial court for trial.